# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Ronald Benford; John A. Tarbert;
Betty Martin; Irving Lackey;
Candis McKelvy; and Gregory Gordon,

        Plaintiffs,

  v.                              **ORDER**
                                    Civil No. 10-4539 ADM/LIB

The City of Minneapolis, Minneapolis
Convention Center ("MCC"); Jeff Johnson
individually and in his capacity as Assistant City
Coordinator and Executive Director of the MCC;
Lane Carlson, individually and in his capacity
as Facilities Operations Manager; G. Jack Barr,
individually and in his capacity as Production
Services Manager; Kurt Hicok, individually
and in his capacity as Production Services
Sr. Supervisor; Carrie Van DeVoort, individually
and in her capacity as Shift Supervisor;
Gregory Langford, individually and in his capacity
as Event Operations Sr. Supervisor; John Zasada,
individually and in his capacity as Shift Supervisor;
Don Perry, individually and in his capacity
as Shift Supervisor; Don Moody, individually
and in his capacity as Shift Supervisor; Kee Yang,
individually and in his capacity as Shift Supervisor;
Azrat Tesfa, individually and in his capacity
as Shift Supervisor; Mike Schoeben, individually
and in his capacity as Shift Supervisor; Randy Rasmussen,
individually and in his capacity as Facilities Services
Senior supervisor; Gregory Hintz individually
and in his capacity as Shift Supervisor,

        Defendants.

_____

Christopher R. Walsh, Esq., Walsh Law Firm, Minneapolis, MN, on behalf of Plaintiffs.

Darla J. Boggs, Esq., James Anthony Moore, Esq., and Gregory P. Sautter, Esq., Minneapolis City Attorney's Office, Minneapolis, MN, on behalf of Defendants.

_____

This matter is before the undersigned United States District Judge for a ruling on "Plaintiffs' Memorandum In Support of Plaintiffs' Objections to Report & Recommendation of Magistrate Judge" [Docket No. 63] ("Objections").  The title of Plaintiffs' filing is both a misnomer and misleading.  Plaintiffs object to Magistrate Judge Leo J. Brisbois's July 30, 2012 Order [Docket No. 62], not a Report & Recommendation.  Specifically, Plaintiffs object to the granting of Defendants' Motion to Exclude Expert Testimony and Motion to Compel Discovery [Docket No. 35].[1]

The wrong characterization of Plaintiffs' objections is significant because an Order carries a higher threshold of authority on review than does a Report & Recommendation.  Plaintiffs urge that this Court should conduct a de novo review Judge Brisbois's July 30, 2012 Order, but the appropriate standard of review for an objection to a magistrate judge's order on a nondispositive issue is a clearly erroneous standard.  Fed. R. Civ. P. 72(a); see Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).  Plaintiffs raise no arguments that Judge Brisbois's Order was clearly erroneous or contrary to law, and as it is neither, this Court overrules Plaintiffs' Objections.

Rather than offering a single substantive objection to Judge Brisbois's Order, Plaintiffs' counsel uses this filing to impermissibly request the following: (1) a word-limit extension for the Objections, which runs 1700 words over the 3,500 word limit set by L.R. 72.2(d); (2) attorney fees from Defendant Don Perry under Rule 37; (3) an Order for Don Perry to reappear for his deposition within 10 days; (4) a protective order relating to medical privileges; and (5) an

---

[1]As has been the case throughout this litigation, Plaintiffs inexplicably delayed filing their Objections until August 13, 2012, the deadline set for Plaintiffs' production of discovery under the July 30, 2012 Order.

extension of the time for discovery.  None of these motions are properly before this Court, and therefore none of the inapposite arguments will be considered.  Moreover, the Court has not considered any of the arguments raised in the Objections beyond the 3500-word limit.

Plaintiffs' counsel Christopher Walsh is cautioned to read the Minnesota Rules of Professional Conduct.  The litany of his procedural defaults, discovery abuses, procrastination, excuses, and missed deadlines documented in the July 30, 2012 Order, are inexcusable.  The Minnesota Rules of Professional Conduct set forth that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."  Minn. R. Prof. Conduct 1.3.  Moreover, the rules prohibit an attorney from "mak[ing] a frivolous discovery request or fail[ing] to make a reasonably diligent effort to comply with a legally proper discovery request by an opposing party."  Minn. R. Prof. Conduct 3.4(d).

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Memorandum In Support of Plaintiffs' Objections to Report & Recommendation of Magistrate Judge" [Docket No. 63] are **OVERRULED**; and

2. Judge Leo J. Brisbois's July 30, 2012 Order [Docket No. 62] is **AFFIRMED**.

BY THE COURT:

   s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  August 29, 2012.